# In the United States Court of Federal Claims

No. 19-966C
(Filed July 19, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
KEITH BYRD BEY,                               *
                                              *
                Plaintiff,                    *
                                              *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
                Defendant.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On July 3, 2019, the complaint in this case was filed by *pro se* plaintiff Keith Byrd Bey. The court has reviewed Mr. Bey's complaint, which alleges that the Superior Court of Bergen County New Jersey, and a court clerk, violated Mr. Bey's constitutional rights while presiding over a foreclosure action involving his estate. *See* Compl. at 1–2. In his request for relief, Mr. Bey also states that the Superior Court inflicted emotional stress upon him, and that it engaged in a conspiracy to defraud the plaintiff of his estate. *See id.* at 4. Due to the nature of Mr. Bey's complaints, which are brought against *state* (not federal) actors for violations of constitutional rights, and which otherwise sounds in tort or criminal law, our court must dismiss this case for lack of subject-matter jurisdiction.

Like many of the individuals who bring their own cases in our court without the assistance of lawyers, Mr. Bey appears to misunderstand the purpose of our court and the jurisdiction given to us by Congress. On the first page of the complaint, Mr. Bey identifies the Tucker Act, 28 U.S.C. § 1491(a)(1), as the source of our jurisdiction. But under that act, we are empowered only to hear claims of violations by the federal government of laws and constitutional provisions that mandate the payment of money when violated. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-

7018 0040 0001 1393 1402

mandating."). Plaintiff's complaint does not allege that the federal government violated a money-mandating law.

To the extent that Mr. Bey complains about the actions of the Superior Court of Bergen County, New Jersey, our court is not empowered to hear claims brought against state courts and state actors. *See Kennedy v. United States*, No. 18-826C, 2018 WL 3214115, at *2 (Fed. Cl. June 29, 2018) (explaining our lack of jurisdiction over local governments and actors); *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) (holding that the United States Court of Federal Claims lacks jurisdiction over other tribunals including state courts); *Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *6 (Fed. Cl. Sept. 9, 2013) (explaining dual sovereignty and that states are not merely agents of the federal government). Our court is also not empowered to hear matters brought under the criminal code. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994); *Stanwyck v. United States*, 127 Fed. Cl. 308, 314–15 (2016). Similarly, Mr. Bey's claim of emotional stress inflicted upon him is outside our jurisdiction, since the Tucker Act specifically proscribes the United States Court of Federal Claims from hearing torts claims even when brought against the proper defendant. *See* 28 U.S.C. § 1491(a)(1); *see also Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008).

When a plaintiff has failed to state a claim that falls within the subject-matter jurisdiction of our court, a *sua sponte* dismissal is required. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) (stating that "if the court at any time determines that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Martinez v. United States*, 281 F.3d 1376, 1380 (Fed. Cir. 2002); *Sanders v. United States*, 252 F.3d 1329, 1331 (Fed. Cir. 2001). Since our court lacks subject-matter jurisdiction over Mr. Bey's complaint it is therefore **DISMISSED** pursuant to RCFC 12(h)(3). The Clerk is directed to close the case.†

**IT IS SO ORDERED.**

*[signature]*
VICTOR J. WOLSKI
Senior Judge

---

† Mister Bey's application to proceed *in forma pauperis* is hereby **GRANTED**.